IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION,<br>1333 H St. NW<br>Washington, DC 20005,<br><br>    *Plaintiff*,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br>2201 C St. NW<br>Washington, D.C. 20520,<br><br>UNITED STATES<br>DEPARTMENT OF HOMELAND SECURITY,<br>245 Murray Lane, S.W.<br>Washington, D.C. 20528,<br><br>*and*<br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES,<br>111 Massachusetts Ave., NW<br>MS 2260<br>Washington, DC 20529,<br><br>    *Defendants*. | Case No. |

## COMPLAINT FOR INJUNCTIVE RELIEF

  1. Plaintiff Democracy Forward Foundation brings this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), against Defendants, U.S. Department of State ("DOS"), U.S. Department of Homeland Security ("DHS"), and U.S. Citizenship and Immigration Services ("USCIS"), to compel Defendants to produce documents in compliance with FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendants have failed to comply with the applicable time limit provisions in FOIA, Plaintiff is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

## PARTIES

5. Plaintiff Democracy Forward Foundation is a not-for-profit organization incorporated under the laws of the District of Columbia, and based in Washington, D.C. Plaintiff works to promote transparency and accountability in government, in part, by educating the public on government actions and policies.

6. Defendant DHS is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. DHS has possession, custody, and control of records to which Plaintiff seeks access.

7. Defendant USCIS is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. USCIS has possession, custody, and control of records to which Plaintiff seeks access.

8. Defendant DOS is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. DOS has possession, custody, and control of records to which Plaintiff seeks access.

## FACTUAL ALLEGATIONS

<u>The EB-5 Program</u>

9. Enacted by Congress in 1990, the EB-5 Immigrant Investor Program ("EB-5 Program") provides wealthy foreign nationals with a pathway to become legal permanent residents in the United States by investing in U.S. development projects.

10. To qualify for an EB-5 visa, an applicant must, in part, invest at least $500,000 in a development project approved by USCIS.

11. After an overseas applicant's petition for an EB-5 visa has been approved by USCIS, he or she must then apply for the visa through DOS.

12. The EB-5 Program has been the subject of criticism and allegations of fraud and mismanagement, and lawmakers in both parties have long sought to reform the program.[1]

<u>Jared Kushner, Kushner Family Business Interests, and the EB-5 Program</u>

13. Jared Kushner is President Donald J. Trump's son-in-law and a member of President Trump's White House senior staff.

14. Prior to joining the White House in January 2017, Mr. Kushner was chief executive of Kushner Companies, the Kushner family-owned real estate business.

15. According to media reports, Kushner Companies has relied on the EB-5 Program to finance major development projects.

---

[1] *See, e.g.*, Alana Semuels, *Should Congress Let Wealthy Foreigners Buy Green Cards?*, Atlantic Monthly, Sept. 21, 2015, https://www.theatlantic.com/business/archive/2015/09/should-congress-let-wealthy-foreigners-buy-citizenship/406432/; Erica Orden, Aruna Viswanatha, & Byron Tau, *U.S. Attorney Subpoenas Kushner Cos. over Investment-for-Visa Program*, Wall St. J., Aug. 2, 2017, https://www.wsj.com/articles/u-s-attorney-subpoenas-kushner-cos-over-investment-for-visa-program-1501717119.

16. On May 5, 2017, President Trump signed Public Law 115-31, reauthorizing the EB-5 Program through September 30, 2017.[2] According to reports, Mr. Kushner retained financial interests in many of Kushner Companies' development projects at that time.[3]

17. Within hours of President Trump's reauthorization of the EB-5 Program in May, Nicole Meyer, Mr. Kushner's sister and a principal at Kushner Companies, reportedly urged more than 100 wealthy Chinese investors assembled at the Ritz-Carlton Hotel in Beijing to consider investing in a pair of Jersey City luxury apartment towers that Kushner Companies planned to build with $150 million in funds obtained from the EB-5 Program.[4] As part of her presentation, Ms. Meyer noted Mr. Kushner's White House position, and included a video clip and photo of President Trump.[5] The project "means a lot to me and my entire family," Ms. Meyer told the prospective investors.[6]

18. According to reports, although one of Mr. Kushner's lawyers stated shortly after Ms. Meyer's comments that Mr. Kushner had already divested his interests in the real estate project at the time of her marketing pitch, Mr. Kushner nevertheless maintained a connection to a subsidiary of the project until after the presentation.[7]

---

[2] Department of Homeland Security Appropriations Act, 2017, Pub. L. No. 115-31, § 542, 131 Stat. 404, 432 (May 5, 2017)
[3] *See* Jesse Drucker & Charles V. Bagli, *Kushner Companies Seeking $250 Million to Pay Off Chinese Backers*, N.Y. Times, June 5, 2017, https://www.nytimes.com/2017/06/05/business/kushner-companies-trump-bay-street-eb5-visa.html.
[4] *See, e.g.,* Eric Lipton & Jesse Drucker, *Kushner Family Stands to Gain from Visa Rules in Trump's First Major Law*, N.Y. Times, May 8, 2017, https://www.nytimes.com/2017/05/08/us/politics/kushner-china-visa-eb-5.html; Javier C. Hernández, *Kushner Companies Backs Out of Chinese Investor Events After Furor*, N.Y. Times, May 12, 2017, https://www.nytimes.com/2017/05/12/business/kushner-china-real-estate.html.
[5] *See* Orden, *supra* note 1; *see also* James T. Areddy, *Kushner Cos. Pushes Investor Visas to Wealthy Chinese in Skyscraper Pitch*, Wall St. J., May 7, 2017, https://www.wsj.com/articles/kushner-cos-pushes-investor-visas-to-wealthy-chinese-in-skyscraper-pitch-1494168580; Drew Griffin & Curt Devine, *Exclusive: Jared Kushner's White House Connection Still Being Used to Lure Chinese Investors*, CNN, July 21, 2017, http://www.cnn.com/2017/07/20/politics/draft-kushner-visas/index.html.
[6] *See* Jesse Drucker & Adam Goldman, *Kushner Companies Said to Be Under Investigation over Visa Program*, N.Y. Times, Aug. 3, 2017, https://www.nytimes.com/2017/08/03/business/kushner-eb-5-china-green-cards.html.
[7] *See* Amy Brittain, *Days After Sister's Visa Pitch, Kushner Divested Asset Related to Jersey City Project*, Wash. Post, Aug. 31, 2017, https://www.washingtonpost.com/investigations/days-after-sisters-visa-pitch-kushner-divested-

19. According to reports, the event in China where Ms. Meyer spoke was hosted by Qiaowai, a Beijing immigration company that promised "guaranteed" green cards to investors in the Jersey City project.[8] Roughly two months earlier, in March 2017, Qiaowai posted on the popular Chinese social media site WeChat: "Even some members of Trump's family have participated in the growth of the EB-5 program ... the 'Kushner 88' panoramic New Jersey apartment project ... The lead developer on the now-completed project was Kushner Companies which is linked to Trump's son-in-law, Jared Kushner. … Given this, in the Trump era, the EB-5 program is likely to receive support and be expanded."[9]

20. The Kushner Companies reportedly previously received $50 million in financing from the EB-5 Program for another luxury high-rise tower in Jersey City known as Trump Bay Street that opened late last year.[10]

21. Media reports have indicated that federal prosecutors in New York and the U.S. Securities and Exchange Commission have subpoenaed the Kushner Companies regarding its use of EB-5 visas.[11]

22. President Trump has continued to extend the EB-5 program past September 30, 2017 through a series of continuing resolutions that will keep the program authorized through at least March 23, 2018.[12]

---

asset-related-to-jersey-city-project/2017/08/31/0aa16284-8103-11e7-902a-2a9f2d808496_story.html?utm_term=.498dc559d391.

[8] *See* Drucker & Goldman, *supra* note 6.

[9] *See* Griffin & Devine, *supra* note 5.

[10] *See, e.g.*, Shawn Boburg, *How Jared Kushner Built a Luxury Skyscraper Using Loans Meant for Job-Starved Areas*, Wash. Post, May 31, 2017, https://www.washingtonpost.com/investigations/jared-kushner-and-his-partners-used-a-program-meant-for-job-starved-areas-to-build-a-luxury-skyscraper/2017/05/31/9c81b52c-4225-11e7-9869-bac8b446820a_story.html?utm_term=.5079125736c3; Drucker & Bagli, *supra* note 3.

[11] *See, e.g.*, Orden, *et al.*, *supra* note 1; Erica Orden, *SEC Looks Into Kushner Cos. Over Use of EB-5 Program for Immigrant Investors,"* Wall St. J., Jan. 6, 2018, https://www.wsj.com/amp/articles/sec-looks-into-kushner-cos-use-of-eb-5-program-for-immigrant-investors-1515240181.

[12] *See* Continuing Appropriations Act, 2018, Pub. L. No. 115-56, § 101(a)(6), 131 Stat. 1139, 1140 (Sept. 8, 2017); Further Continuing Appropriations Act, 2018, Pub. L. No. 115-90, § 101, 131 Stat. 1280, 1280 (Dec. 8, 2017); Pub.

23. As described below, Plaintiff submitted targeted FOIA requests that concern the ties between Mr. Kushner, his family's business interests, and the EB-5 Program.

### FOIA Requests to DHS, USCIS, and DOS

24. On May 18, 2017, Plaintiff submitted a FOIA request to DHS, seeking access to the following records for the time period of January 20, 2017 to the date the search is conducted:

(1) All records that refer or relate to: The extension of the EB-5 visa program signed into law by President Donald Trump on May 5, 2017.

(2) All records that: (i) contain any the following words: "EB5," "EB-5," "investor visa," "golden visa," "Kushner Companies," "Nicole Kushner Meyer," "Nicole Kushner," "Nicki Kushner," "Nicki Kushner Meyer," "Jared's sister," "Jared," "Kushner," or "Kushner's sister"; and (ii) were sent or received by any of the following Department of Homeland Security employees: Secretary of Homeland Security John Kelly, John Barsa, Brent Bombach, Kevin Carroll, Ben Cassidy, Kevin Chmielewski, Tiffany Cissna, Daniel Cox, Thomas Dikano, Jon Feere, Mario Flores, Katie Gorka, Gene Hamilton, Harold Hanson, Matt Hayden, Jonathan Hoffman, Roman Jankowski, Elizabeth Johnson, James Johnson, Quinn Jones O'Brien, Julie Kirchner, Kathy Nuebel Kovarik, Scott Krause, David Lapan, Cora Mandy, Michael McKeown, Alan Metzler, Jayne Neumann, Emily Newman, Kirstjen Nielsen, Lora Ries, Dimple Shah, Tracy Short, Craig Symons, Thomas Szold, Kaitlin Vogt, Erin Waters, Chad Wolf, or Frank Wuco.

A copy of the May 18, 2017 request is attached hereto as Exhibit A and incorporated herein.

---

L. No. 115-96; Further Extension of Continuing Appropriations Act, 2018, Pub. L. No. 115-123, § 20101(1) (Feb. 9, 2018).

25. Plaintiff sought a public interest waiver of all fees in connection with the request pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). In the event that its fee waiver request was denied, Plaintiff informed DHS that it was willing to pay all reasonable fees incurred for searching and duplicating records in response to its request up to $250, and requested that DHS contact Plaintiff prior to incurring costs in excess of $250. *See* Ex. A.

26. By letter dated June 1, 2017, DHS confirmed receipt of the request and assigned it a reference number, 2017-HQFO-00806. DHS further notified Plaintiff that it was invoking a 10-day extension of time to respond pursuant to 6 C.F.R. § 5.5(c). A copy of the June 1, 2017 letter is attached hereto as Exhibit B and incorporated herein.

27. In its June 1, 2017, letter, DHS also stated that it would "conditionally grant" Plaintiff's fee waiver request and that the fee waiver determination would be "based upon a sampling of the responsive documents received from the various DHS program offices as a result of the searches conducted in response to your FOIA request;" not, as required, on the face of the request. DHS also stated that "[i]n the event that your fee waiver is denied, we will construe the submission of your request as an agreement to pay up to $25.00." *See* Ex. B.

28. To date, DHS has made no determination on Plaintiff's FOIA request, nor has the agency produced any materials in response to that request.

29. By letter dated June 22, 2017, DHS notified Plaintiff that "portions" of Plaintiff's FOIA request to DHS were "under the purview of other DHS components," including USCIS, and, accordingly, were being transferred to the FOIA offices for these components. A copy of the June 22, 2017 letter is attached hereto as Exhibit C and incorporated herein.

30. The website for USCIS directs requesters to check the status of any FOIA request to USCIS by entering a control number "provided after we received your request."[13]

31. USCIS has not provided a control number to Plaintiff.

32. To date, USCIS has made no determination on Plaintiff's FOIA request, nor has it produced any materials in response to that request.

33. On May 19, 2017, Plaintiff submitted a similar FOIA request to DOS seeking access to the following records for the time period of January 20, 2017 to the date the search is conducted:

(1) All records that refer or relate to: The extension of the EB-5 visa program signed into law by President Donald Trump on May 5, 2017.

(2) All records that: (i) Contain any the following words: "EB5," "EB-5," "investor visa," "golden visa," "Kushner Companies," "Nicole Kushner Meyer," "Nicole Kushner," "Nicki Kushner," "Nicki Kushner Meyer," "Jared's sister," or "Kushner's sister"; and (ii) Are sent or received by any of the following Department of State employees: Secretary of State Rex Tillerson, Michael Dougherty, Eanes, Emily Eng, Matthew Flynn, Katherine Giblin, Charles Glazer, Julia Haller, Jennifer Hazelton, Abigayle Jones, Federico Klein, Amanda Middlemas, Hunter Morgen, Matthew Mowers, Christina Perrone, Margaret Peterlin, Pamela Pryor, Jack Sewell, Jared Smith, Danielle Stoebe, Robert Wasinger, or Katheryn Wellner.

A copy of the request is attached hereto as Exhibit D and incorporated herein.

34. Plaintiff sought a public interest waiver of all fees in connection with the request pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). In the event that its fee waiver request was denied, Plaintiff informed DHS that it was willing to pay all reasonable fees incurred for searching and

---

[13] *See* USCIS, *Check Status of FOIA Request*, https://www.uscis.gov/about-us/freedom-information-and-privacy-act-foia/foia-request-status-check-average-processing-times/check-status-foia-request (last visited Feb. 28, 2018).

duplicating records in response to its request up to $250, and requested that DHS contact Plaintiff prior to incurring costs in excess of $250.  *See* Ex. D.

35. On June 2, 2017, DOS sent Plaintiff an acknowledgement of receipt of the May 19 FOIA request.  In its acknowledgement letter, DOS denied Plaintiff's request for a fee waiver, and noted Plaintiff's willingness to pay up to $250.  A copy of the acknowledgement of receipt is attached hereto as Exhibit E and incorporated herein.

36. To date, DOS has made no determination on Plaintiff's FOIA request (aside from its fee waiver determination), nor has the agency produced any materials in response to that request.

37. Through the failure of DHS, USCIS, and DOS to respond within the statutory time limit, Plaintiff has constructively exhausted its administrative remedies and seeks immediate judicial review.

## CLAIM FOR RELIEF

### Count One (Violation of FOIA, 5 U.S.C. § 552)

38. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

39. By failing to respond to Plaintiff's request within the statutorily prescribed time limit, Defendants have violated their duties under 5 U.S.C.§ 552, including but not limited to the duties to conduct a reasonable search for responsive records, to take reasonable steps to release all nonexempt information, and to not withhold responsive records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

    1.      Order Defendants to conduct a search for any and all responsive records to Plaintiff's FOIA requests using search methods reasonably likely to lead to discovery of all responsive records;

    2.      Order Defendants to produce, by a date certain, any and all non-exempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;

    3.      Enjoin Defendants from continuing to withhold any and all non-exempt responsive records;

    4.      Order DHS and USCIS to grant Plaintiff's request for a fee waiver;

    5.      Award Plaintiff its costs, attorneys' fees, and other disbursements for this action; and

    6.      Grant any other relief this Court deems appropriate.

Dated: February 28, 2018  Respectfully submitted,

<u>/s/ Javier M. Guzman</u>

Javier M. Guzman
(D.C. Bar No. 462679)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
jguzman@democracyforward.org