IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE, et al.,<br><br>*Defendants*. | Civ. A. No. 18-0479 (TSC) |

**JOINT STATUS REPORT**

Defendants U.S. Department of State ("DOS"), U.S. Department of Homeland Security ("DHS"), and U.S. Citizenship and Immigration Services ("USCIS"), jointly with Plaintiff Democracy Forward Foundation ("Plaintiff"), by and through undersigned counsel, submit this Joint Status Report consistent with the timetable outlined this Court's April 24, 2019 Minute Order setting the deadline for a report.

The parties report to the Court as follows:

1. The Freedom of Information Act ("FOIA") request that forms the basis of this litigation was filed in May 2017, and Plaintiff's complaint was filed in this Court on February 28, 2018.

2. As the parties have previously advised the Court, and as discussed at the December 19, 2018 status hearing, certain documents that may be subject to Plaintiff's Freedom of Information Act ("FOIA") request were identified by USCIS as involving equities of other entities, including the White House ("White House Documents").

3. The parties have conferred concerning status and responsiveness of this 148-page population of documents, and the parties have reached an impasse concerning the responsiveness of these 148 pages that they ask this Court to resolve.

4. The first portion of Plaintiff's FOIA request sought "All records that refer or relate to: The extension of the EB-5 visa program signed into law by President Donald Trump on May 5, 2017."

5. The second portion of Plaintiff's FOIA request sought

"All records that: (i) contain any the following words: 'EB5,' 'EB-5,' 'investor visa,' 'golden visa,' 'Kushner Companies,' 'Nicole Kushner Meyer,' 'Nicole Kushner,' 'Nicki Kushner,' 'Nicki Kushner Meyer,' 'Jared's sister,' 'Jared,' 'Kushner,' or 'Kushner's sister'; and (ii) were sent or received by any of the following Department of Homeland Security employees: Secretary of Homeland Security John Kelly, John Barsa, Brent Bombach, Kevin Carroll, Ben Cassidy, Kevin Chmielewski, Tiffany Cissna, Daniel Cox, Thomas Dinanno, Jon Feere, Mario Flores, Katie Gorka, Gene Hamilton, Harold Hanson, Matt Hayden, Jonathan Hoffman, Roman Jankowski, Elizabeth Johnson, James Johnson, Quinn Jones O'Brien, Julie Kirchner, Kathy Nuebel Kovarik, Scott Krause, David Lapan, Cora Mandy, Michael McKeown, Alan Metzler, Jayne Neumann, Emily Newman, Kirstjen Nielsen, Lora Ries , Dimple Shah, Tracy Short, Craig Symons, Thomas Szold, Kaitlin Vogt, Erin Waters, Chad Wolf, or Frank Wuco."

6. The dispute centers around whether the second portion of Plaintiff's FOIA request is still operative at this stage of USCIS's review of documents.

7. In October 2018, Counsel for Plaintiff and Counsel for USCIS discussed a narrowed set of search terms for USCIS to use to narrow the scope of their review for responsive documents. *See* Exhibit A (Correspondence between Amber Duggan and Josephine Morse).

8. In the October 2018 correspondence, Plaintiff agreed "to further narrow/target the search to include records using" a narrow list of search terms, and agreed "to drop any challenges to the adequacy of the search outside the scope of these search terms."

9. Of the 148 pages remaining:

   a. 7 pages are comprised of records that contain some of the narrowed search terms detailed in the October 2018 correspondence.

   b. 141 pages are comprised of records that contain some of the search terms detailed in the second portion of Plaintiff's FOIA Request, but do not contain any of the narrowed search terms detailed in the October 2018 correspondence.

10. According to USCIS, none of the 148 pages remaining "refer or relate to: The extension of the EB-5 visa program signed into law by President Donald Trump on May 5, 2017" as detailed in the first portion of Plaintiff's FOIA request.

11. ***Plaintiff's Position:*** The October 2018 correspondence concerning narrowing Defendant USCIS's search for responsive documents did not alter the scope of the FOIA Request, and Defendant USCIS should review the 148 pages remaining for responsiveness to both portions of Plaintiff's FOIA Request, not just the first portion.

12. It is common practice for FOIA requesters to agree to a set of narrowed search terms to assist an agency in its search for responsive documents. These search terms allow an

agency to identify a narrowed universe of documents in the agency's custody likely to produce records responsive to a particular FOIA request.

13. Plaintiff's agreement to narrowed search terms in October 2018 was intended to help guide Defendant USCIS's collection and review of potentially responsive documents in a way that is limited and practicable.

14. The agreement to narrowed search terms did not alter the scope of Plaintiff's FOIA request. As the October 2018 correspondence shows, Plaintiff agreed only to "further narrow/target **the search**" undertaken by Defendants, and "to drop any challenges to the adequacy of **the search** outside the scope of these search terms." Plaintiff did not agree to limit the scope of Defendant USCIS's responsiveness review; only the search used to identify potentially responsive documents. Consistent with the October 2018 correspondence, Plaintiff is not challenging the adequacy of USCIS's search.

15. Defendant USCIS collected and reviewed the 148 pages remaining in dispute as part of its search for records responsive to Plaintiff's FOIA Request.

16. Any records collected and reviewed from the custodians listed in the second portion of Plaintiff's FOIA Request that contain the search terms listed in the second portion of Plaintiff's FOIA Request are responsive to the Request and should be produced to Plaintiff, regardless of Defendant USCIS's determination of responsiveness to the first portion of Plaintiff's Request.

17. Plaintiff respectfully requests that the Court order Defendant USCIS to review the 148 pages remaining for responsiveness to Plaintiff's FOIA Request as submitted, and produce all records within the 148-pages that are responsive to the Request. In the alternative, Plaintiff respectfully requests that this Court at least require USCIS to produce the 7 pages remaining that

Defendant concedes hits on the narrowed set of search terms agreed to in the parties' October 2018 correspondence.

18.   ***Defendants' Position:***  Defendants respectfully submit that under the parties' good-faith agreement on a revised scope of plaintiff's request (regarding keyword terms), and that under the natural reading of plaintiff's request (regarding records "relating to" Jared Kushner and EB-5 extension), the 148 pages at issue are not responsive and need not be processed.  Defendants propose to defend that conclusion in briefing.

19.   ***Joint Proposal***:  The parties propose to brief summary judgment regarding the responsiveness of the 148 pages at issue on the following schedule:

- Defendant's motion for summary judgment:  September 20, 2019
- Plaintiff's opposition and cross-motion: October 17, 2019:
- Defendant's reply and opposition: October 31, 2019.
- Plaintiff's reply in support of cross-motion: November 11, 2019.

A proposed order is attached.

Dated: August 12, 2019

*/s/ Aman George*
AMAN GEORGE, D.C. Bar No. 1028446
JAVIER GUZMAN, D.C. Bar No. 462679
Democracy Forward Foundation
1333 H St. NW
Washington, DC 20005
(202) 701-1783
jguzman@democracyforward.org
ageorge@democracyforward.org

*Attorneys for Plaintiff*

Respectfully submitted,

JESSIE K. LIU, D.C. Bar No. 472845
United States Attorney

DANIEL VAN HORN, D.C. Bar No. 92409
Chief, Civil Division

*/s/ Damon Taaffe*
DAMON TAAFFE, D.C. Bar No. 483874
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2544
damon.taaffe@usdoj.gov

*Attorneys for Defendants*